**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANITA FINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1013 SRC |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

This matter comes before the Court on the motion of plaintiff Anita Finger for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, Anita Finger, is a self-represented litigant who brings this action against the United States of America.[1] The complaint is handwritten on a partially-filled-out Court-provided form.

In her "Statement of Claim," Plaintiff alleges that she was "harassed" and discriminated against on the basis of her gender and age, which she identifies as forty-five (45). She states that the union failed to represent her at a grievance hearing, but fails to identify the union. She alleges

---

[1] Plaintiff names the defendant as "United States of America National Labor Relations Board."

that the act of failing to represent her was discriminatory because her grievance was against "management." She purports that someone in the union was told not to show up to the grievance meeting. Plaintiff asserts that the failure to represent her led to "exposure" and further harassment. She claims that she has not received the representation she paid for and as a result she has been subjected to workplace bullying and isolation. Plaintiff believes her gender had an impact on this failure by the union.

Plaintiff states that she has suffered migraines, anxiety and sleep disturbance. She seeks compensatory damages for lost wages, lost opportunities and psychiatric services.

## Discussion

Plaintiff has filed a civil action against the United States of America and the National Labor Relations Board asserting that she was discriminated against when the union representative failed to properly represent her in her grievance proceeding. For the reasons discussed below, this action will be dismissed without prejudice.

### A.      Sovereign Immunity

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 2020 WL 5104268, at *1 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969); *see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527

U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity . . . it is well established that waivers are not implied").

In this case, Plaintiff has made no attempt to show that the United States has "unequivocally expressed" a waiver of its sovereign immunity. That is, nothing in the complaint indicates that the United States has consented to this type of civil action. For example, she has not alleged that her action arises under the Federal Tort Claims Act (FTCA), or that she is seeking to recover tax refunds. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"); and *Barse v. United States*, 957 F.3d 883, 885 (8th Cir. 2020) (stating that "Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds"). Because Plaintiff has not shown a waiver of sovereign immunity, the United States is immune from suit, and this action must be dismissed.

Additionally, Plaintiff has not indicated why she has sued either the United States Government or the National Labor Relations Board. The purpose of the NLRB is to investigate and adjudicate unfair labor practices pursuant to the National Labor Relations Act. 29 U.S.C. § 160.

The NLRB does not initiate procedures regarding resolution of unfair labor practice charges, but rather acts upon the complaints of unions, employers and employees. *See id.* §§ 153(d), 160. After a charge is filed, the regional director, acting on behalf of General Counsel, investigates the charge and determines whether or not a formal complaint should be issued. 29 C.F.R. § 101.8; *NLRB v. United Food and Commercial Workers Union, Local 23*, 484 U.S. 112, 118 (1987). In other words, the NLRB is not the same entity as Plaintiff's union, whom Plaintiff

4

has alleged to have discriminated against her. Plaintiff has not indicated that she made a complaint to the NLRB or that the NLRB failed to act upon her complaint.

Moreover, because the NLRB is an entity of the United States Government, and because Plaintiff seeks money damages from the NLRB, her complaint is subject to dismissal on the basis of sovereign immunity just as if she was bringing her complaint against the United States Government. Because Plaintiff's claims are against the federal government and its agencies, sovereign immunity is presumed and cannot be overcome without an express statutory waiver. *Research Triangle v. Bd. of Gov. of Fed. Reserve Sys.*, 132 F. 3d 985, 987 (4th Cir. 1997). "Under settled principles of sovereign immunity, the United States as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Dalm*, 494 U.S. 596, 608 (1990); *NLRB. v. Nash-Finch Co.,* 404 U.S. 138, 147 n. 4 (1971) ("Actions against the National Labor Relations Board are dismissed on the ground that they are against a federal agency exercising a governmental regulatory function and so are suits against the United States, which cannot be sued without the consent of Congress.")

B. **Failure to State a Claim**

As noted above, in order to state a claim, Plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. The complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted

5

inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

In this case, even if the United States and the NLRB were not immune from suit, Plaintiff has not demonstrated a plausible claim for relief. To the contrary, Plaintiff's brief, conclusory "Statement of Claim" does not establish that the United States of America or any of its agencies did anything to her, much less violate her constitutional rights. Her entire claim consists of the statement that she was discriminated against when the union representative failed to show up to her grievance proceeding. She has not set forth any factual allegations, however, that purport to show how or why she believes the failure of the union representative to show up to the hearing was biased. Additionally, Plaintiff has failed to link this discriminatory act to either defendant named in this case. Certainly, she has not presented a plausible claim for relief against the United States Government or the NLRB or provided anything more than legal conclusions and "naked assertions devoid of factual enhancement." *Hamilton,* 621 F.3d at 817–18. Therefore, this action must be dismissed for failure to state a claim against the named defendants.

Lastly, while Plaintiff alleges that a union representative failed to represent her, she does not identify the union. As such, the Court cannot determine who the proper parties to this suit may be.

Accordingly, the Court grants [2] Plaintiff's motion for leave to proceed in forma pauperis. The Court dismisses this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith. Lastly, the Court certifies that an appeal from this dismissal would not be taken in good faith.

So Ordered this 9th day of December, 2020.

SLR.CR

6

                                                STEPHEN R. CLARK
                                                UNITED STATES DISTRICT JUDGE